Taxiarchis Hatzidimitriadis
Attorney Email Address: thatz@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 6048
Telephone: (630) 581-5858
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ramon Ponce, <br><br> Plaintiff, <br><br> v. <br><br> Tucson Federal Credit Union, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*.** <br><br> **DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes RAMON PONCE ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD. ("Sulaiman"), complaining as to the conduct of TUCSON FEDERAL CREDIT UNION ("TFCU", or "Defendant") as follows:

### **NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for TFCU's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*

### **JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business and is domiciled in the State of Arizona.

### PARTIES

4. Plaintiff is a "consumer" over 18-years-of-age, as defined by 15 U.S.C. §§1681a(b) and (c).

5. TFCU is a credit union providing financial services to members in three cities across Arizona. Defendant is located at 1160 North Winstel Boulevard, Tucson, Arizona. Defendant is a furnisher of credit information to the major credit reporting agencies ("CRA").

6. TFCU acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

7. In 2018, Plaintiff began applying for a home loan, but was subsequently rejected by various mortgage loan originators ("MLO").

8. Plaintiff was taken aback by the MLO's rejection of his application, so he accessed his credit report to determine if there were any discrepancies that would be causing the rejections.

9. Much to Plaintiff's surprise, according to a consumer report obtained from Equifax Information Services, LLC ("Equifax"), Equifax listed Plaintiff's name as Ramon R Estavillo Jr and Ramoan R. Estavillo Jr. That information is patently inaccurate because Plaintiff's name is Ramon Ponce, and Plaintiff is unfamiliar with any individuals with the aforementioned names.

10. Moreover, Plaintiff noticed that there were several erroneous accounts being reported on his Equifax consumer report, including one by TFCU, with an account number of 479295************.

11. Upon information and belief, this erroneous TFCU account pertains to Ramon R Estavillo Jr and Ramoan R. Estavillo Jr, whose information was purportedly merged into Plaintiff's consumer report.

12. As a result, on or about November 15, 2018, Plaintiff sent Equifax a letter, via certified mail, stating the following:



13. Plaintiff also attached his social security card, as well as his driver's license, to his November 15, 2018 letter to Equifax.

14. On or about November 23, 2018, Equifax received Plaintiff's November 15, 2018 dispute.

15. Equifax responded by failing to reasonably investigate Plaintiff's dispute. Specifically, Equifax represented that its investigation revealed that the TFCU account was being reported accurately.

16. Upon information and belief, TFCU received notice of Plaintiff's disputes within five days of Equifax's receipt of such dispute. See 15 U.S. Code §1681i(a)(2).

17. Frustrated by TFCU's continued misinformation, on or about January 22, 2019, Plaintiff sent Equifax an additional dispute letter, via certified mail, stating the following:

> Dear Sir or Madam:
>
> There are several accounts and personal information being reported that are not mine. These fraudulent accounts and information are:
>
> Tuscon FED 479295*********** (not mine)
>
> The above information does not belong to me. I do not have a credit relationship with any of the above accounts. As a result, I am disputing the accuracy of the above listed information. Please forward my dispute with all relevant information to each of the creditors listed above. Please send me a description of the name, business address, and telephone number of any person contacted in connection with your investigation. Please also investigate why Ramon R Estavillo Sr is a name listed on my credit report as I do not know that person. If for any reason you decline to send a copy of my letter and the enclosures to the above creditors, I request that you promptly advise me so that I can take additional steps to protect myself.
>
> Thank you,
>
> Ramon Ponce

18. Plaintiff once again attached his social security card, as well as his driver's license, to his January 22, 2019 letter to Equifax.

19. On or about January 25, 2019, Equifax received Plaintiff's January 22, 2019 dispute.

20. Equifax again responded by failing to reasonably investigate Plaintiff's dispute. Specifically, Equifax represented that its investigation revealed that the TFCU account was being reported accurately.

21. Upon information and belief, TFCU received notice of Plaintiff's disputes within five days of Equifax's receipt of such dispute. See 15 U.S. Code §1681i(a)(2).

22. Equifax's reinvestigation reports revealed that TFCU intentionally misrepresented to Equifax that Plaintiff had a business relationship with Plaintiff. TFCU's misrepresentation and false certification resulted in Equifax releasing Plaintiff's highly confidential and sensitive personal information to TFCU.

23. Plaintiff had no account or business transactions with TFCU at the time this request was made, as Plaintiff's information was mixed with an unknown individual who likely incurred a debt with TFCU.

24. TFCU accessed and reported on Plaintiff's consumer report without the consent or knowledge of Plaintiff.

25. TFCU negligently and willfully violated the FCRA by continuing to list an erroneous account on Plaintiff's consumer credit report, despite Plaintiff's numerous disputes.

26. TFCU was made aware that Plaintiff's credit information may have been mixed with an unknown individual, but despite the error in mixing these files in the first place, TFCU also subsequently failed to remedy its errors after multiple disputes were sent by Plaintiff.

27. Notwithstanding Plaintiff's disputes, TFCU has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being put on notice of erroneous credit information in Plaintiff's credit file from Equifax.

28. The reporting of the TFCU trade line is patently inaccurate and materially misleading given the complete absence of any relationship between Plaintiff and TFCU.

29. Any reasonable investigation engaged in by TFCU would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

30. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it erroneously misleads creditors into believing that Plaintiff has outstanding trade-lines that will affect Plaintiff's ability to meet potential future obligations.

31. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

32. Despite Plaintiff's exhaustive efforts to date, TFCU has nonetheless willfully failed to perform reasonable investigations and reinvestigations of the disputed inaccurate information in Plaintiff's Equifax credit file as required by the FCRA.

33. TFCU has failed to report the results of its reinvestigations to all CRAs, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff

34. As a result of the conduct, actions, and inaction of TFCU, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

35. Moreover, Plaintiff was interested in obtaining a home loan, so he applied for financing and was denied by various MLO's.

36. Plaintiff has further incurred out of pocket expenses in connection with acquiring copies of his credit reports, including the purchase of a comprehensive 3-in-1 report.

37. Due to the conduct of TFCU, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

40. TFCU is a "person" as defined by 15 U.S.C. §1681a(b).

41. TFCU is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

42. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

43. TFCU violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

44. Notwithstanding TFCU's actual knowledge that Plaintiff was being linked with a completely unknown individual, TFCU failed to conduct a reasonable investigation of the accuracy of the disputed information it furnished to Equifax.

45. TFCU's conduct demonstrates a reckless disregard for Plaintiff's rights under the FCRA.

46. TFCU violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Plaintiff pursuant to §1681i(a)(2).

47. Had TFCU reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the collection accounts and transmitted the correct information to Equifax. Instead, TFCU wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

48. TFCU violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes to Equifax.

49. TFCU violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

50. TFCU violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, TFCU continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

51. TFCU failed to conduct a reasonable reinvestigation of their reporting of the collection accounts, record that the information was disputed, or delete the inaccurate reporting from

Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax under 15 U.S.C. §1681i(a)(1).

52. TFCU violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

53. Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the errors, TFCU did not correct the errors to report accurately. Instead, TFCU wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer reports.

54. A reasonable investigation by TFCU would have confirmed the veracity of Plaintiff's disputes.

55. Had TFCU taken any steps to investigate Plaintiff's valid disputes or Equifax's requests for investigations, it would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

56. By deviating from the standards established by the debt collection industry and the FCRA, TFCU acted with reckless and willful disregard for their duties as furnishers to report accurate and complete consumer credit information to Equifax.

57. As stated above in paragraphs 30 through 37, Plaintiff was severely harmed by TFCU's conduct.

WHEREFORE, Plaintiff, RAMON PONCE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing TFCU to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: July 3, 2019                     Respectfully submitted,

By: /s/ Taxiarchis Hatzidimitriadis
*Pro Hac Vice Application Pending*
Taxiarchis Hatzidimitriadis
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 581-5858
Facsimile: (630) 575-8188
Email: thatz@sulaimanlaw.com

9