# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Ponce, | No. CV-19-00339-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Federal Credit Union, | |
| Defendant. | |

The Court has received and reviewed Plaintiff's Motion to Indicate Readiness (Doc. 8). It is granted in accordance with this Order. **This order requires the parties to file a Rule 16 joint report by October 10, 2019.  The parties shall appear for a case management conference at 2:30 p.m. in Courtroom 6A on October 17, 2019.** If any out of state counsel needs to appear at the conference, counsel may file a motion to appear telephonically. Any motion to appear telephonically must be filed at least seven days prior to the conference.

**IT IS HEREBY ORDERED:**

The parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the joint report.

The parties are directed to confer at least 7 days prior to the deadline for the joint report to discuss the following matters:

A. Any matters relating to jurisdiction, venue or joinder of additional parties;

B. The nature and basis of their claims and defenses and the possibilities for a

prompt settlement or resolution of the case;

  C. The scope of discovery, and possible limitations thereof. The parties are expected to comply with Rule 26(f), Fed. R. Civ. P., and seek to minimize the expense of discovery.

  In cases where dispositive motions will be filed, the parties should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

  D. A schedule of all pretrial proceedings, including a trial date, an estimate of the length of trial, and any suggestions for shortening trial. The parties shall also discuss any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, and any issues relating to claims of privilege or work product. *See* Fed. R. Civ. P. 16(b)(5) & (b)(6), 26(f)(3). At the joint request of the parties, the Court may include deadlines in the Scheduling Order pertaining to these issues.

  E. Modification of pretrial procedures due to the simplicity or complexity of the case;

  F. Prospects for settlement, including a request to have a settlement conference before a Magistrate Judge or United States District Court Judge, or participating in any other alternative dispute resolution forum;

  G. Arrangements for Initial Disclosures in compliance with Rule 26(a)(1), Fed. R. Civ. P. and General Order 17-08.

  H. Possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), suitability for referral to any alternative dispute resolution mechanism, or reference to a Master;

  I. Any other matters which the parties feel may help dispose of the matter in an efficient and economical manner.

  IT IS ORDERED:

  J. The joint report shall include individually numbered brief statements indicating:

1. The nature of the case, setting forth in brief statements the factual and legal basis of Plaintiff's claims and Defendant's defenses;

2. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

3. The jurisdictional basis of the case, citing specific statutes;

4. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance. Unless the parties can otherwise show cause, an Order shall accompany the joint report dismissing any party which has not been served, or seeking default judgment on any non-appearing party;

5. The names of parties not subject to the Court's jurisdiction;

6. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues of any pretrial motions contemplated;

7. Whether the case is suitable for reference to a Master or United States Magistrate Judge, or whether the parties consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c);

8. The status of related cases pending before other judges of this Court or before other courts;

9. A statement of when Initial Disclosures were made or will be made, or any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), Fed. R. Civ. P.;

10. Suggested changes, if any, in the limitations on discovery set forth in Rule 26(b)(2), Fed. R. Civ. P.;

11. Proposed deadlines for:
    (a) completing discovery;
    (b) filing dispositive motions;
    (c) pretrial disclosure of witnesses and expert testimony pursuant to

1         Rule 26(a)(2) and (3), Fed. R. Civ. P.; and

2         (d) lodging a proposed joint pretrial order;

3   12.   Estimated date and length of trial;

4   13.   Whether a jury trial has been requested;

5   14.   The prospects for settlement, including any request to have a settlement conference before another Magistrate Judge or United States District Court Judge, or other request of the Court for assistance in settlement efforts;

9   15.   Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2; and

12   16.   Any other matters which the parties feel will aid the Court in expediting the disposition of this matter efficiently.

After receiving the joint report and conducting a case management conference, the Court will enter a Scheduling Order, which shall control the course of this action, unless modified by subsequent Order. The parties are cautioned that the deadlines set in the Scheduling Order shall be enforced.

The parties are jointly responsible for initiating the communication necessary to prepare this joint report.

Dated this 4th day of September, 2019.

Honorable James A. Soto
United States District Judge