Taxiarchis Hatzidimitriadis
thatz@sulaimanlaw.com
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 6048
Telephone: (630) 581-5858
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Ponce, | |
| Plaintiff, | |
| v. | Case No.: 4:19-cv-00339-JAS |
| Tucson Federal Credit Union, | |
| Defendant. | |

## RULE 16 JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 16 and 26(f), as well as this Court's Order [Doc. 3], the parties submit the following Joint Status Report ("Report").

**1.    Nature of the Case**

**a. Plaintiff's Claims:** Plaintiff's complaint alleges violations of the Fair Credit Reporting Act ("FCRA") against Defendant for impermissible credit reporting, including the failure to conduct a reasonable investigation with respect to the disputed information received from Plaintiff and the credit reporting agency.

**b. Defendant's Defenses:** In addition to the affirmative defenses raised in the Answer [Doc 6], Plaintiff is not a customer of Tucson Federal and Tucson Federal did not report on Plaintiff.  Defendant received one notice of the dispute, which was

promptly investigated and the trade line was removed within the time limit. The issue began as a result of the improper merging of accounts by the credit reporting agency.   Defendant denies that it failed to conduct a reasonable investigation concerning the disputed information received from Plaintiff and the credit reporting agency and incorporates the affirmative defenses in its Answer filed September 3, 2019 [Doc 6] by this reference.  Defendant denies liability to Plaintiff.

**2.     Issues in Dispute**

**a.**  Did Defendant conduct a reasonable investigation with respect to the disputed information received  from the credit reporting agency?

**b.**  Did Defendant receive notice of the disputed information from the credit reporting agency and if so, how many times?

**c.**  Did the credit reporting agency cause the problem by improperly merging accounts?

**3.     Jurisdictional Basis:**   Federal question jurisdiction is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §1681 *et seq*.

**4.     Service of Parties:** All parties to this action have been served.

**5.     Parties Not Subject to Court's Jurisdiction:** All parties are subject to the Court's jurisdiction.

**6.     Pending Motions:** None.

**7.     Magistrate Judge:** At this time, the Parties do not unanimously consent to proceed before a Magistrate Judge.

**8.     Status of Related Cases:** On April 30, 2019, Plaintiff filed an action against the underlying credit reporting agency in the Northern District of Illinois, *Ponce, Ramon v. Equifax Information Services, LLC,* Case No. 1:19-cv-02908.  That matter is pending.

**9.** **Initial Disclosures:** This case is subject to the Mandatory Initial Discovery Pilot ("MIDP") project and the MIDP Standing Order.  The Parties will comply with the MIDP and will advise the Court of any issues with respect thereto.

      ii.      Plaintiff and his counsel certify compliance with the MIDP Standing Order.

      iii.      As to compliance with the MIDP Standing Order, Defendant advises that it served its MIDP responses and is in compliance with this Court's Local Rules.

**10.** **Limitations on Discovery:** The Parties do not have any suggested changes with regard to the limitations on discovery set forth in Fed. R. Civ. P. 26(b)(2).

**11.** **Proposed Deadlines**

    a. **Additional Parties or Amended Pleadings:** Sixty (60) days after the date of this Order.

    b. **Completing Discovery:** The Parties propose fact discovery to be completed by June 19, 2020.

    c. **Filing Dispositive Motions:** The Parties propose dispositive motions to be filed by August 21, 2020.

    d. **Pretrial Disclosure of Witness & Expert Testimony (Party with Burden):** The Parties propose pretrial disclosure of witness and expert testimony to be submitted by May 22, 2020.

    e. **Expert Disclosure (Opposing Party):July** 23, 2020

    f. **Rebuttal Expert Disclosure:** August 21, 2020

    g. **Good Faith Settlement Talks Deadline:** June 23, 2020

    h. **Proposed Joint Pretrial Order:**  The Parties propose that a proposed joint pretrial order be submitted by October 22, 2020.

**12.     Estimated Date & Length of Trial:** The Parties anticipate that the case will be ready for trial no earlier than sixty (60) days after ruling on dispositive motions referred to in paragraph 11(b) above. The Parties do not anticipate any trial lasting more than four (4) days.

**13.     Jury Trial:** Plaintiff has demanded a jury trial.

**14.     Settlement:** Plaintiff has recently tendered a settlement demand to Defendant and is willing to discuss the basis for the same.

**15.     LRCiv 16.2:** The Parties do not anticipate any unusual, difficult, or complex problems or issues which would require this case to be placed on the complex track for case management purposes, except for obtaining discovery from the credit reporting agency.

Dated: October 8, 2019

Respectfully submitted by:


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis
*Counsel for Plaintiff*


*s/ David O'Daniel*
David O'Daniel
*Counsel for Defendant*